UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIARA UNDERWOOD,

    Plaintiff,                                 Case No. 12-12633

v.                                             SENIOR UNITED STATES DISTRICT JUDGE
                                                 ARTHUR J. TARNOW
COMMISSIONER OF
SOCIAL SECURITY,                      MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendant.
_____/

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [12]; GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [8]; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [11]**

Now before the court is the Magistrate Judge's Report and Recommendation ("R&R") [12], entered on May 31, 2013, recommending that Plaintiff's Motion for Summary Judgment [8] be GRANTED IN PART and DENIED IN PART, and that Defendant's Motion for Summary Judgment [11] be DENIED. Defendant filed Objections [13] on June 12, 2013.

For the reasons states below, the R&R[12] is ADOPTED, Plaintiff's Motion for Summary Judgment [8] is GRANTED IN PART and DENIED IN PART, and Defendant's Motion for Summary Judgment [11] is DENIED. The case is remanded for further proceedings pursuant to this Order.

1

## I.        Procedural Background

Plaintiff filed an application for Disability Insurance Benefits and an application for Supplemental Social Security Income with a protective filing date of September 30, 2008, alleging that she had been disabled since June 9, 1994. Plaintiff later amended the alleged onset date to October 31, 2007. The Social Security Administration denied benefits. Plaintiff requested a de novo hearing, which was held via video conference on December 6, 2010, before Administrative Law Judge (ALJ) Michael Hellman. ALJ Hellman found that Plaintiff was not entitled to benefits because Plaintiff was capable of performing other work in the national economy. The Appeals Council declined to review the ALJ's decision, and Plaintiff commenced the instant action for judicial review.

On September 28, 2012, Plaintiff filed her Motion for Summary Judgment [8]. On December 24, 2012, Defendant filed its Motion for Summary Judgment [11]. On May 31, 2014, the Magistrate Judge filed its Report and Recommendation [12]. Defendant filed its Objections [1] on June 12, 2013.

## II. Factual Background

The R&R contains a detailed explanation of the factual background of this case, and the Court adopts the factual background as set out in the R&R in full.

**III. Standard of Review**

This Court reviews objections to an R&R on a dispositive motion *de novo. See* 28 U.S.C. §636(b)(1)(c). Making some objections to an R&R, but failing to raise others, will not preserve all objections a party may have to the report and recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006). Objections that are filed must be specific. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006).

In reviewing an Administrative Law Judge's ("ALJ") decisions, 42 U.S.C. § 405(g) provides that the ALJ's "factual findings are conclusive if supported by substantial evidence." *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 243 (6th Cir. 1987). "Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405-06 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)) (internal quotation marks omitted); *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

In order to determine "whether the Secretary's factual findings are supported by substantial evidence, we must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

## IV. Analysis

In the R&R [12], the Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment [8] be granted in part and denied in part. The R&R recommends denial of two of Plaintiff's arguments, finding that the ALJ's holding as to Plaintiff's lack of credibility was based on sufficiently specific reasoning, and that the ALJ rightly excluded Plaintiff's alleged mental limitations from the residual function capacity (RFC). The R&R recommends that the Court grant Plaintiff's Motion for Summary Judgment [8] and remand the case to the ALJ for further proceedings based on the finding that the vocational expert (VE) provided the ALJ inaccurate occupational title (DOT) codes. Based on the recommendation for remand for further proceedings, the Magistrate Judge recommends that the Court deny Defendant's Motion for Summary Judgment [11].

Defendant now objects to the recommendation for remand arguing that Plaintiff had the opportunity to cross-examine the VE and object to the codes during the hearing, that the ALJ reasonably relied on the VE's testimony, and that the ALJ has no affirmative duty to investigate this testimony.

The VE testified that a person of Plaintiff's age, education, and work experience, who was limited to one or two-step tasks with only occasional minor changes in the work setting, could perform work in the national economy. Specifically, the VE stated that this hypothetical person could full positions such as dishwasher, assembler, and laundry worker. The VE then provided the ALJ with the following data showing the regional and national availability of the three jobs:

> Dishwasher: DOT 318.687-018; 4,200 regional; 138,000 national;
> Assembler: DOT 699.685-026; 11,000 regional; 421,000 national; and
> Laundry Worker: DOT 361.685-014; 2,500 regional; 85,000 national

However, the parties now agree that the DOT code listed for the dishwasher position is in fact that code for silver wrapper, the code given for assembler is the code for power-screwdriver operator, and the code for laundry worker is actually the code for continuous-towel roller machine operator.

Based on this error, Plaintiff argue, and the Magistrate Judge agrees, that it is possible that the number of jobs available for Plaintiff reported by the VE to the ALJ were inaccurate. As the R&R [12] notes, this possible inaccuracy does not automatically invalidate the ALJ's determination. However, this Court cannot determine whether Plaintiff could complete tasks as a silver wrapper, power-screwdriver operator, and continuous-towel roller machine operator, nor whether the data presented to the ALJ was in reference to these incorrectly identified jobs.

Moreover, the ALJ relied on these numbers to conclude that Plaintiff was capable of performing other work in the national economy. The ALJ's order also states that the VE's testimony is consistent with the information contained in the Dictionary of Occupational Titles. While the ALJ does not have an affirmative duty to conduct an independent investigation into the testimony of witnesses to determine if they are correct, the ALJ must resolve any conflict between the DOT and the VE. SSR 00-4p.

The inaccurate DOT codes casts doubt on the evidence the ALJ relied on to make its determination. Therefore, the case must be remanded for further proceedings based on accurate DOT codes.

**V. Conclusion**

For the reasons states above, Plaintiff's Motion for Summary Judgment [8] is GRANTED IN PART, and the case is remanded for further proceedings based on accurate DOT codes.

Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [12] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [8] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary

Judgment [11] is **DENIED**.

    **SO ORDERED**.


                                  <u>s/Arthur J. Tarnow</u>
                                  ARTHUR J. TARNOW
                                  SENIOR UNITED STATES DISTRICT JUDGE


Dated: July 25, 2013